IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Geneva Elaine Hames, #322393, | C/A No. 4:18-1026-CMC |
| Petitioner, | |
| v. | **Opinion and Order** |
| Warden, Leath Correctional Institution, | |
| Respondent. | |

This matter is before the court on Petitioner's *pro se* petition filed pursuant to 28 U.S.C. §2254 on April 13, 2018. ECF No. 1. Petitioner challenges her convictions and sentence in state court for grand larceny, kidnapping, assault and battery with intent to kill, armed robbery, and first degree burglary.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(c), DSC, this matter was referred to United States Magistrate Judge Thomas E. Rogers, III, for pre-trial proceedings and a Report and Recommendation. On May 14, 2018, the Magistrate Judge issued a Report recommending this matter be dismissed as successive. ECF No. 13. The Magistrate Judge advised Petitioner of the procedures and requirements for filing objections to the Report and the serious consequences if she failed to do so. On May 24, 2018, Petitioner filed objections to the Report.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court

may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

After conducting a *de novo* review of the record as to the objections made, and after considering the applicable law, the Report and Recommendation of the Magistrate Judge, and Petitioner's objections, the court agrees with the conclusions of the Magistrate Judge. Petitioner's previous § 2254 petition was dismissed with prejudice and summary judgment granted for Respondent; therefore, it was dismissed on the merits and the instant petition is successive. In her objections, Petitioner asserts she has obtained permission to file a successive § 2254 petition, and attached a Final Local Rule 40(d) Notice she received from the Fourth Circuit. However, the Rule 40(d) notice is not such a grant of permission, but merely notes no further action will be taken by the Fourth Circuit on her appeal of her previous § 2254 petition despite continued filings by Petitioner.

Prior to filing a second or successive petition under § 2254, Petitioner must obtain certification by a panel of the Fourth Circuit Court of Appeals allowing her to file a second or successive petition. As provided in 28 U.S.C. § 2244, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). This she has not done. Therefore, this petition is successive in nature and the court is without jurisdiction to consider it. Accordingly, the court adopts and incorporates the Report and Recommendation by reference into this Order. This matter is dismissed without prejudice and without requiring Respondent to file a return.

**CERTIFICATE OF APPEALABILITY**

The governing law provides that:

2

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **denied**.

**IT IS SO ORDERED**.

s/Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
May 29, 2018